Ms. Jerri A. Blair Wildwood City Attorney Post Office Box 130 Tavares, Florida 32778-0130
Dear Ms. Blair:
On behalf of the City of Wildwood, you ask substantially the following questions:
1) Is there an obligation for citizens to report child abuse, abandonment or neglect?
2) Must a city employee reveal his or her name when reporting child abuse, abandonment or neglect observed during his or her working hours?
Your inquiry arises in the context of the responsibility of city employees to report known or suspected cases of child abuse. You have not, however, provided this office with any specific situation; accordingly, my comments must be general in nature.
Question One
Section 1 of Chapter 03-127, Laws of Florida, amended section 39.201, Florida Statutes, to provide in part:
"(1)(a) Any person who knows, or has reasonable cause to suspect, that a child is abused, abandoned, or neglected by a parent, legal custodian, caregiver, or other person responsible for the child's welfare, as defined in this chapter, shall report such knowledge or suspicion to the department in the manner prescribed in subsection (2).
(b) Reporters in the following occupation categories are required to provide their names to the hotline staff:
1. Physician, osteopathic physician, medical examiner, chiropractic physician, nurse, or hospital personnel engaged in the admission, examination, care, or treatment of persons;
2. Health or mental health professional other than one listed in subparagraph 1.;
3. Practitioner who relies solely on spiritual means for healing;
4. School teacher or other school official or personnel;
5. Social worker, day care center worker, or other professional child care, foster care, residential, or institutional worker;
6. Law enforcement officer; or
7. Judge.
The names of reporters shall be entered into the record of the report, but shall be held confidential and exempt as provided in s. 39.202."
Prior to the 2003 amendment, section 39.201 provided that any person, including, but not limited to, those persons currently listed in section39.201(1)(b), who knew or had reasonable cause to suspect child abuse "shall report" such abuse.[1] A review of the legislative history surrounding the 2003 amendment indicates the "location in [the] statute which identifies specific professions required to report has led to confusion as to the persons actually considered mandated reporters, i.e., all persons or just the list of professions."[2] The legislative history indicates that it was the intent of the Legislature to clarify that "any person," not merely those specifically enumerated in the statute, is required to report known or suspected child abuse. For example, the staff analysis for the bill that passed as Chapter 03-127, Laws of Florida, provides:
"The bill clarifies that all persons, not just the professionals identified in statute, are mandated reporters by removing the list of professionals from the requirement to report provision and listing these professionals instead in the provision requiring the reporter to provide their name which is currently in law."[3]
In construing statutes, the primary purpose is to ascertain the intent of the Legislature and effectuate that intent.[4] Accordingly, in light of the plain language of the statute and evidence of the legislative intent, I am of the opinion that section 39.201(1)(a), Florida Statutes, imposes a responsibility on any person who knows of or has reasonable cause to suspect child abuse, abandonment or neglect to report such abuse, abandonment or neglect.
Question Two
As noted in the response to your previous question, section 39.201(1)(a), Florida Statutes, imposes a responsibility on any person who knows of or has reasonable cause to suspect child abuse, abandonment or neglect to report such abuse, abandonment or neglect.
Subsection 39.201(1)(b), Florida Statutes, however, provides:
"Reporters in the following occupation categories are required to provide their names to the hotline staff:
1. Physician, osteopathic physician, medical examiner, chiropractic physician, nurse, or hospital personnel engaged in the admission, examination, care, or treatment of persons;
2. Health or mental health professional other than one listed in subparagraph 1.;
3. Practitioner who relies solely on spiritual means for healing;
4. School teacher or other school official or personnel;
5. Social worker, day care center worker, or other professional child care, foster care, residential, or institutional worker;
6. Law enforcement officer; or
7. Judge.
The names of reporters shall be entered into the record of the report, but shall be held confidential and exempt as provided in s. 39.202."
Thus, the above statute provides that only certain specified professionals are required to give their names when reporting known or suspected child abuse, abandonment or neglect.[5] Nothing in the statute requires other individuals reporting such abuse, abandonment or neglect to give their names. While most city employees reporting child abuse, abandonment or neglect would not appear to be required to give their names when reporting, there may be employees who fall within the enumerated categories set forth in section 39.201(1)(b), Florida Statutes, who would be required to identify themselves.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See s. 39.201(1), Fla. Stat. (2001), which provided:
"Any person, including, but not limited to, any: (a) Physician, osteopathic physician, medical examiner, chiropractic physician, nurse, or hospital personnel engaged in the admission, examination, care, or treatment of persons; (b) Health or mental health professional other than one listed in paragraph (a); (c) Practitioner who relies solely on spiritual means for healing; (d) School teacher or other school official or personnel; (e) Social worker, day care center worker, or other professional child care, foster care, residential, or institutional worker; (f) Law enforcement officer; or (g) Judge, who knows, or has reasonable cause to suspect, that a child is abused, abandoned, or neglected by a parent, legal custodian, caregiver, or other person responsible for the child's welfare shall report such knowledge or suspicion to the department in the manner prescribed in subsection (2)."
[2] Senate Staff Analysis and Economic Statement for CS/SB 1442, dated March 26, 2003, p. 4. And see House of Representatives Staff Analysis on HB 1825, dated April 10, 2003, which sought to similarly amend s.39.201(1), stating at p. 3 that the statute had "many times [been] misinterpreted to mean that the professionals specifically listed in statute are the only persons who are required to report."
[3] Senate Staff Analysis and Economic Statement for CS/SB 1442, supra
at 8. See also House of Representatives Staff Analysis on HB 1825, supra, stating:
"The bill clarifies that "any person" who knows or reasonably suspects that a child has been abused by a parent, legal custodian, caregiver, or other person responsible for the child's welfare is required to report."
And see, State, Dept. of Environmental Regulation v. SCM Glidco OrganicsCorp., 606 So.2d 722 (Fla. 1st DCA 1992); Asphalt Pavers, Inc. v.Department of Revenue, 584 So.2d 55 (Fla. 1st DCA 1991) (legislative staff analyses are admissible as aid in ascertaining legislative intent).
[4] Ervin v. Peninsular Telephone Company, 53 So.2d 647 (Fla. 1951) (Supreme Court has duty in construction of statutes to ascertain Legislature's intention and effectuate it); State v. Webb, 398 So.2d 820
(Fla. 1981) (legislative intent is the polestar by which the courts must be guided).
[5] And see House of Representatives Staff Analysis on HB 1825, dated April 10, 2003, which sought to similarly amend s. 39.201(1), stating at p. 1 that the bill "clarifies that certain specified professionals are required to provide their name to hotline staff when reporting."